MARK A. PICARD
Email: mpicard@cftc.gov
STEVEN I. RINGER
Email: sringer@cftc.gov

Attorneys for Plaintiff
U.S. Commodity Futures Trading Commission
140 Broadway, 19th Floor
New York, NY 10005
Telephone: (646) 746-9763 (Picard)
(646) 746-9760 (Ringer)
Facsimile: (646) 746-9939

RECEIVED
JAN 21 2011
CHAMBERS OF
RICHARD J. HOLWELL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/7/11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** | ) | Civil Action No. 10 CV 8850 (RJH) |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **System Capital, LLC, and Joshua Wallace,** | ) | |
| **Defendants.** | ) | |

**CONSENT ORDER OF PRELIMINARY INJUNCTION AGAINST DEFENDANT JOSHUA WALLACE**

Plaintiff U.S. Commodity Futures Trading Commission ("Commission") and Defendant Joshua Wallace ("Defendant" or "Wallace") consent to the entry of this Order for Preliminary Injunction ("Order") without an adjudication of the

merits on any issue of fact or law, without waiving any privileges under the United States Constitution or any other rights or privileges, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and the Court's jurisdiction over the Defendant for the purposes of this Order. The Court having considered all pleadings, memoranda, declarations, and other exhibits filed with the Court, and now being fully advised in the matter, for purposes of this Order and without prejudice to further application by any party, finds:

1. This Court has jurisdiction over the transactions at issue in this case pursuant to Section 6c of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1 (2006). This authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. 13a-1(e), in that Defendant is found, inhabits, or transacts business in this district, and acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

3. The Commission has made a proper showing for a preliminary injunction pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006).

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

1. The term "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. The term "person" means the plural or singular, and includes individuals, associations, partnerships, corporations, and trusts.

### I. *Prohibition from Violating the Act*

**IT IS HEREBY ORDERED** that Defendant, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or

attorneys of Defendant, and all persons insofar as they are acting in active concert or participation with Defendant, including but not limited to System Capital, LLC ("System Capital"), who receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

1. In or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person –

   A. Cheating or defrauding or attempting to cheat or defraud the other person; or

   B. Willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for the other person

in violation of Section 4b(a)(1)(A) and (C) of the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. § 6b(a)(1)(A) and (C).

2. In the capacity of a commodity trading advisor or an associated person of a commodity trading advisor by use of the mails or any means or instrumentality of interstate commerce –

A. Employing any device, scheme, or artifice to defraud any client or participant or prospective client or participant; or

B. Engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant

in violation of Section 4o(1)(A)-(B) of the Act, 7 U.S.C. § 6o(1)(A)-(B).

3. Willfully falsifying, concealing or covering up by any trick, scheme, or artifice a material fact, making any false, fictitious, or fraudulent statements or representations, or making or using any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry to a registered entity, board of trade or futures association designated or registered under the Act acting in furtherance of its official duties under the Act in violation of Section 9(a)(4) of the Act, 7 U.S.C. § 13(a)(4).

## II. *Maintenance of Business Records*

**IT IS FURTHER ORDERED** that Defendant and all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors,

employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with them, including but not limited to System Capital, who receive actual notice of such order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business finances of Defendant and/or System Capital.

**III. *Identification of Assets***

**IT IS FURTHER ORDERED,** pending further order of this Court, that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of the Defendant and/or System Capital, or has held, controlled, or maintained custody of any such account or asset of Defendant and/or System Capital at any time since November 2009 shall:

A. Provide the counsel for the Commission, within ten (10) business days of receiving a copy of this Order, a statement setting forth:

(1) the identification number of each account or asset titled in the name, individually or jointly, of the Defendant and/or System Capital or held on behalf of, or for the benefit of the Defendant, or under the control of the Defendant and/or System Capital;

(2) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, the name of the person or entity to whom such account or other asset was remitted; and

(3) the identification of any safe deposit box that is either titled in the name, individually or jointly, of Defendant and/or System Capital, or is otherwise subject to access by Defendant;

B. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such accounts or assets, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, trading records, and safe deposit box logs; and

C. Cooperate with all reasonable requests of the Commission relating to implementation of this Order, including producing records related to Defendant's and/or System Capital's accounts.

## IV. *Service of Order*

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant or that may be subject to any provision of this Order.

## V. *Service on the Commission*

**IT IS FURTHER ORDERED** that Defendant shall serve any correspondence, notices, or other materials on the Commission by delivering a copy to Mark A. Picard, Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, New York 10005.

## VI. *Stay of Proceedings*

**IT IS FURTHER ORDERED** that all litigation of this matter is stayed, including filing of an answer pursuant to Federal Rule of Civil Procedure 8(b) and all other filings, appearances and discovery, until the related criminal matter now pending in the Southern District of New York, U.S. v. Joshua Wallace, Docket Number 10-MJ-02591-UA-1, has been resolved by Final Judgment and Order by the District Court. This stay shall not preclude resolution of this matter through settlement.

## VII. *Execution of Order*

**IT IS FURTHER ORDERED** that this Order may be executed in separate counterparts.

## VIII. *Force and Effect of Order*

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

Consented to and
approved for entry by:

______________________________
Defendant Joshua Wallace

U.S. COMMODITY FUTURES TRADING COMMISSION
Attorney for U.S. Commodity Futures Trading Commission

By: ______________________________
Mark A. Picard
140 Broadway, 19th Floor
New York, New York 10005
mpicard@cftc.gov

**SO ORDERED,** this 2 day of Feb., 2011

______________________________
The Honorable , U.S.D.J.