UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | Case No. 10 Civ. 8850 (KBF) |
| Plaintiff, | **ECF Case** |
| v. | **ATTORNEY AFFIDAVIT OF MARK PICARD** |
| SYSTEM CAPITAL, LLC, AND JOSHUA WALLACE, | |
| Defendants. | |

Mark Picard, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am an attorney with the Division of Enforcement of the U.S. Commodity Futures Trading Commission, attorneys for plaintiff in the above-entitled action. I am familiar with the facts and circumstances in this action.

2. I submit this affidavit pursuant to 55.2(b) of the Local Rules of the United States District Courts for the Southern District of New York and this Court's Individual Practices in Civil Cases in support of Plaintiff's Application for an Order to Show Cause for Default Judgment against Defendants System Capital, LLC ("System Capital") and Joshua Wallace ("Wallace") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2).

3. Plaintiff U.S. Commodity Futures Trading Commission (the "Commission") is an independent federal agency, charged with protecting market users and the public from fraud, manipulation, and abusive practices related to the sale of commodity and financial futures and options. The Commission is authorized to bring enforcement actions against those who violate the Commodity Exchange Act ("CEA" or the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, title XIII (the CFTC Reauthorization Act of

2008), §§13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 et seq., and the regulations promulgated thereunder, 17 C.F.R. §§ 1 *et seq.* ("Commission Regulations").

4. This is an action brought by the Commission alleging that Defendants engaged in fraud in connection with the solicitation of clients for the trading of commodity futures contracts, and that Defendants made false statements and submitted fraudulent documents to the National Futures Association ("NFA"), a registered entity, designated or registered under the Act acting in furtherance of its official duties under the Act, in violation of the Act. I have attached a copy of the Complaint as Exhibit A.

5. In this action, the Commission seeks permanent injunctive relief (including registration and trading prohibitions) and a civil monetary penalty. The Commission also requests that the Court reserve decision on the issue of restitution until the parallel criminal proceeding has been resolved.

## Jurisdiction

6. The Court has subject matter jurisdiction over this action and the jurisdiction to impose the relief requested pursuant to Section 6c of the Act, 7 U.S. C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

7. The Court has personal jurisdiction over the Defendants and venue lies properly with this Court pursuant to Section 6c(e) of the Act, 7 USC §13a-1(e) (2006), because Defendants transacted business in New York, NY. (Ex. A (Compl.) ¶¶ 20, 28-32.) Defendants caused to be sent to two Future Commission Merchants ("FCM") located in New York, NY

fraudulent solicitation material for the purpose of having these entities solicit clients for Defendants' commodity trading advisor ("CTA") business. (Ex. A (Compl.) ¶ 20.) Defendants sent or caused to be sent on numerous occasions to a fund of funds located in New York, NY fraudulent solicitation material. (Ex. A (Compl.) ¶ 28-32.)

## Basis for Entry of Default

### *Service of the Summons and Complaint*

8.   This action was commenced on November 23, 2010 by the filing of the Summons and Complaint.

9.   A copy of the Summons and Complaint was served on Defendant System Capital on December 4, 2010 by personal delivery upon Joshua Wallace, an agent/owner/officer of System Capital, with proof of such service filed on December 17, 2010. (*DOCKET NO. 2*, attached hereto as Exhibit B.)

10.   A copy of the Summons and Complaint was served on Defendant Wallace by personal delivery on Joshua Wallace on December 4, 2010, with proof of such service filed on December 17, 2010. (*DOCKET NO. 3*, attached hereto as Exhibit C.)

### *Other Procedural History*

11.   On February 2, 2011, the court entered a Consent Order of Preliminary Injunction which, inter alia, prohibited Defendants from violating Sections 4b(a)(1)(A) and (C), 4o(1)(A)-(B), and 9(a)(4) of the Act, as amended, to be codified at 7 U.S.C. §§ 6b(a)(1)(A) and (C), 6o(1)(A)-(B), and 13(a)(4), and stayed this matter, including the filing of an answer and all other filings, appearances and discovery, until a related criminal matter had been resolved. (*DOCKET NO. 9*, attached hereto as Exhibit D.)

3

12.     On January 11, 2013, this Court issued an Order lifting the stay of proceedings and providing Defendants twenty-one (21) days from the date the order was signed to answer the Complaint. (*DOCKET NO.* 20, attached hereto as Exhibit E.)

13.     Defendants' answers to the Complaint were due on February 1, 2013. To date, neither of the Defendants has answered the Complaint or otherwise defended, and the time for each of the Defendants to answer the Complaint has expired. In addition, no attorney has filed a notice of appearance on behalf of System Capital, a limited liability company. (*See* Pacer docket entries for this matter as of February 12, 2013, attached hereto as Exhibit F.) Accordingly, System Capital is unrepresented in this matter and may only appear through a licensed attorney. *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (holding that a limited liability company, even if solely-owned, "may appear in federal court only through a licensed attorney").

14.     On February 5, 2013, the Commission requested and obtained certificates of Defendants' defaults in this matter from the Clerk of the Court for the Southern District of New York. (*DOCKET NOS. 30 and 31*, attached hereto as Exhibits G and H).

15.     As a result of Defendants' defaults, Defendants are deemed to concede "all well pleaded allegations of liability" with the exception of allegations that pertain to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

### The Well-Pleaded Complaint Establishes that Defendants Violated the Act

16.     As set forth in the Complaint, from November 2009 through May 2010 (the "Relevant Period"), Defendants perpetrated a fraud against their clients and potential clients in violation of Sections 4b(a)(1)(A) and (C), and 4o(1)(A)-(B) of the Act, as amended, to be codified at 7 U.S.C. §§ 6b(a)(1)(A) and (C), and 6o(1)(A)-(B) (Ex. A (Compl.) ¶¶ 1-4, 16-32);

4

and from April 2010 through May 2010, Defendants made numerous misrepresentations to the NFA in violation of Section 9(a)(4) of the Act, as amended, to be codified at 7 U.S.C. § 13(a)(4) (Ex. A (Compl.) ¶¶ 5, 33-38). Defendant Wallace has admitted that the representations he made to the NFA regarding the amount of assets under management, the existence of a proprietary account, System Capital being a general partner in a commodity pool with assets of $8 million and managing $9.2 million in institutional accounts, and the authorship of a report purportedly verifying Defendants' proprietary trading, were false. (Ex. A (Compl.) ¶¶ 36-38.)

17.     In addition, on November 27, 2012, Defendant Wallace pleaded guilty to all six counts of a six count indictment, and was adjudged guilty by the Hon. Laura Taylor Swain on all counts in a related criminal matter in the Southern District of New York. (*U.S. v. Wallace*, No. 11 CR 124 (LTS), November 27, 2012 Transcript ("Cr. Tr."), at 31-33, attached hereto as Exhibit I.) Count one of that indictment was brought pursuant to Section 4*o*(1)(A)-(B) of the Act, 7 U.S.C. § 6*o*(1)(A)-(B), one of the same sections of the Act at issue here and pertains to the same underlying facts as presented in the Commission's complaint. (*U.S. v. Wallace*, No. 11 CR 124 (LTS), Indictment dated April 18, 2012 ("Indictment"), attached hereto as Exhibit J.)[1] On November 27, 2013, Wallace pleaded guilty and testified under oath that between 2009 and May 2010, he made material false representations about System Capital's assets under management and past performance history, and that those misrepresentations led to Defendants getting clients, and that these misrepresentations were distributed through the mail and electronically. (Ex. I (Cr. Tr.) at 27.) Defendant Wallace also admitted under oath that he was in charge of trading commodities on behalf of his clients. (Ex. I (Cr. Tr.) at 30.) "It is well settled that 'a criminal

---

[1] The Indictment also charged Wallace with mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) pertaining to the same underlying facts as presented in the Commission's Complaint, and an additional count of commodities fraud (7 U.S.C. §§ 6*o*(1) and 13 (a)(5)) and two counts of wire fraud (7 U.S.C. § 1343) pertaining to a separate scheme involving Defendants during the period 2009 and 2012. (Ex. J. (Indictment)) Wallace pleaded guilty to all counts of the Indictment and was adjudged guilty on all counts. (Ex. I (Cr. Tr.) at 31-33.)

conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by judgment in the criminal case." *SEC v. Haligiannis*, 470 F. Supp. 2d 373, 382 (S.D.N.Y. 2007), *quoting U.S. v. Podell*, 575 F.2d 31, 35 (2d Cir. 1978).

18. The findings of facts and conclusions of law supporting Defendants violations of the Act are set forth in the Proposed Order for Entry of Default Judgment (the "Proposed Order") separately submitted by the Commission herewith.

## Proposed Damages and Other Relief Requested

19. Plaintiff seeks permanent injunctive relief and a civil monetary penalty ("CMP") as set forth in the Proposed Order. Plaintiff also requests that the Court reserve decision on the issue of restitution until the parallel criminal proceeding has been resolved.

### *Permanent Injunction*

20. The Court's authority to grant the injunctive relief requested is set forth in Section 6c(a) of the Act, 7 U.S.C. 13a-1(a) (2006), and "is appropriate when there is a likelihood that, unless enjoined, the violations will continue." *CFTC v. American Bd. of Trade, Inc.*, 803 F.2d 1242, 1250-51 (2d Cir. 1986) (citations omitted). "An enforcement action requesting a permanent injunction must only show a 'reasonable likelihood of future violations.'" *SEC v. Credit Bancorp, Ltd.*, 738 F. Supp. 2d 376, 390 (S.D.N.Y. 2010), *quoting CFTC v. Hunt*, 591 F.2d 1211, 1220 (7th Cir. 1979).

21. The Second Circuit has held that a "district court may properly infer a likelihood of future violations from the defendant's past unlawful conduct." *American Bd. of Trade*, 803 F.2d at 1251; *see also SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1477 (2d Cir. 1996), *cert. denied*, 522 U.S. 812 (1997) (explaining that "[s]uch an injunction is particularly within the

6

court's discretion where a violation was founded on systematic wrongdoing, rather than an isolated occurrence" (quotation marks and citation omitted)).

22. As set forth in the Complaint and as summarized above, during the Relevant Period, Defendants System Capital and Wallace: (1) operated a scheme over a seven month period of time by which they systematically defrauded and attempted to defraud clients and potential clients, fraudulently misstated Defendants' performance history, the amount of assets they had under management, and the value of certain accounts they were managing for the purpose of obtaining clients for their CTA business; and (2) repeatedly made misrepresentations to the NFA by submitting false documents and making false statements.

23. Defendants have failed to appear and address the fraudulent conduct set forth in the Complaint. In addition, in the related criminal matter, Wallace not only pleaded guilty to and was adjudged guilty of criminal activity arising from the same underlying facts as presented in the Commission's Complaint, he was also indicted, pleaded guilty to, and was adjudged guilty of a second commodities fraud scheme involving Defendants during the period 2009 to 2012. (Ex. I (Cr. Tr.) at 31-33; Ex. J. (Indictment)). Given the systematic nature of the conduct delineated in the Complaint, and the additional conduct delineated in the Indictment, there is a reasonable likelihood that Defendants may engage in future violations. Thus, a permanent injunction is warranted.

### *Civil Monetary Penalty*

24. The Court has jurisdiction to impose on any person found to have committed any violation, civil penalties in the amount of not more than the greater of $140,000 per violation or triple the monetary gain for each violation. CEA § 6c(d), 7 U.S.C. § 13a-1(d) (2006); Commission Regulation § 143.8(a)(2)(iv) and (b), 17 C.F.R. § 143.8(a)(2)(iv) and (b) (2010)

7

(setting the per violation penalty maximum at $140,000 or triple the monetary gain for violations committed on or after October 23, 2008; and allowing for periodic adjustments for inflation of the maximum penalties).

25.  Plaintiff seeks a CMP in the amount of four hundred twenty thousand dollars ($420,000), for each Defendant, which equals $140,000 each for the two fraud counts (See Counts 1 and 2 of the Complaint (Ex. A, ¶¶ 41-52) ) and one count for misrepresentations made to the NFA (See Count 3 of the Complaint (Ex. A, ¶¶ 53-58)).

*Post-Judgment Interest*

26.  Plaintiff seeks post-judgment interest on any monetary judgment amount, including the CMP. Post-judgment interest, which shall accrue beginning on the date of entry of the Order, shall be determined by using the Treasury Bill rate prevailing on the date of entry of the Order pursuant to 28 U.S.C. § 1961. *See, e.g., CFTC v. Webman*, No. 05 CV 4819(MBM), 2006 WL 2089170, at *6 (S.D.N.Y. July 10, 2006) (ordering post-judgment interest on restitution and CMP).

*Restitution*

27.  "The Court's authority to order restitution is ancillary to the Court's authority to order injunctive relief under § 6c of the Act." *CFTC v. Rolando*, 589 F. Supp. 2d 159, 172 (D. Conn. 2008); *see also FTC v. Five-Star Auto Club, Inc.*, 97 F. Supp. 2d 502, 533 (S.D.N.Y. 2000) (stating that "included in the Court's power to grant ancillary relief is the authority to order payment for consumer redress or restitution"), *quoting, FTC v. Febre,* 128 F.3d 530, 534 (7th Cir.1997); *First Jersey Sec., Inc.*, 101 F.3d at 1474 (the district court "has broad equitable power to fashion appropriate remedies").

28.     In light of Defendant Wallace's ongoing criminal litigation, which stems in part from the same facts alleged in the Complaint here and which is currently pending in the United States District Court for the Southern District of New York, the Commission respectfully requests that the Court reserve decision as to the imposition of restitution until resolution of the criminal case to allow for consistency with rulings in the parallel criminal proceeding. While Wallace has entered a guilty plea and been adjudged guilty in the criminal matter, sentencing, including the imposition of restitution, is currently scheduled for April 18, 2013.

*Attorney's Fees and Costs*

29.     In this matter, the Commission does not ask for costs or fees.

### No Hearing or Inquest Is Necessary

30.     The Court is not required to hold an inquest in this matter, because the judgment to be entered is for a sum certain, is based on the prescribed amount authorized by the CEA and Commission Regulations, and is fully supported by this Declaration and the facts alleged in the Complaint.

31.     "A court can make a determination regarding an injunction, damages, and penalties on the basis of the evidence before it, including the complaints and affidavits submitted by the plaintiff, as long as the court is ensured that the evidence provides a basis for the relief requested." *SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2010 WL 3239421, at *3 (S.D.N.Y. Aug. 16, 2010), *citing Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997); *CFTC v. Emerald Worldwide Holdings*, No. CV03-8339AHM, 2005 WL 1130588, at *13 (C.D. Cal. April 19, 2005) (relying on a declaration submitted by the Commission).

WHEREFORE, Plaintiff requests the entry of Judgment by Default against Defendants System Capital, LLC and Joshua Wallace in the form submitted to the court.

Dated: New York, New York
February 13, 2013

*[signature]*

Mark Picard

Sworn to before me this 13th day of February, 2013.

*[signature]*

BETAGAY N. SIMMONDS
NOTARY PUBLIC-STATE OF NEW YORK
Notary Public
Qualified in Kings County
My Commission Expires April 01, 2014